ROURED BIANCHI, APPELLEE, v. HENRY RICKER ET AL., APPELLANTS.

*Argued March term, 1925—Decided August 26, 1925.*

**Negligence—Motor Vehicle Collision With a Parked Truck at Night Without Lights—Case Properly Submitted to Jury—Measure of Damages Properly Before Jury on Testimony of Dealer Who Examined Car Before and After Accident—Ruling of Court Sustaining Objections to Questions Sustained.**

On appeal from the Bergen District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Edwards & Smith.*

For the appellee, *John J. Breslin.*

PER CURIAM.

The suit was brought in the District Court of Bergen county and heard without jury, and the judgment was for plaintiff for $500.

The action was for damages to plaintiff's car, caused by a rear-end collision with defendant's truck, which it was alleged was negligently parked without lights.

The first contention is that there was error in the refusal of the nonsuit or direction on grounds of no negligence in defendant, and contributory negligence in plaintiff. We think this was correct, as the question was one of fact.

The plaintiff testified that he was driving his Dodge coupe on the right-hand side of a sixty-foot road, on a dark and foggy night, between six-thirty and seven o'clock, at a speed of from twelve to fifteen miles an hour; that his lights were dimmed, and he could only see fifteen feet ahead from where he was seated, which was five feet from the front of his car; that he could not stop his car within fifteen feet at the speed at which he was going; that while so proceeding he met defendant's truck, tried to stop or turn out, but defendant ran right into him. On cross-examination, he said the truck was alongside the curb, but he did not see it in time to stop or turn out. Plaintiff was the only witness who saw the collision. From plaintiff's witnesses, on the scene after the accident, it appeared that both cars were headed west, the truck alongside the curb, and that plaintiff's right front was damaged by colliding with the left rear end of defendant's truck.

Under our decision, the case was properly for the jury. *Dickerson* v. *Mutual Grocery Co.,* 2 *N. J. Adv. R.* 921; *Bridgen* v. *Pirozzi,* 97 *N. J. L.* 535.

The defendant next contends that there was no competent proof as to the reasonable value of the plaintiff's car, before and after the accident, or the reasonable cost of repair.

The plaintiff alleged in his complaint by way of damages that he was compelled to expend a considerable sum of money to have his car repaired. A witness for the plaintiff, who was an auto salesman, appraised the car at $850 the day before the accident, and he, together with the president of his concern, examined the car shortly after the accident and offered the plaintiff $200 for it. This testimony presented a reasonable basis for a conclusion.

The next ground of appeal is that the court sustained objections to certain questions. Plaintiff's witness, a policeman, was asked on cross-examination: "Q. Why did you walk around to the back of the truck?" An objection that this question called for a conclusion was sustained. The defendant's point is that it was proper to test the credibility of the witness. The question was irrelevant and immaterial, and was, in fact, answered later when the witness testified that when he went to the rear of truck he looked for lights and the damage. The plaintiff was asked, on cross-examination: "You don't know the exact time when this accident happened?" It was objected to on the ground that the question was already answered, and this, we think, was properly sustained. In answer to preceding questions, the witness testified that the accident happened "near seven o'clock;" again, that "it was over half-past six, sure;" again, "between half-past six and seven;" again, "it was after half-past six."

The plaintiff testified, on cross-examination, that the road was sixty feet wide, and that defendant's truck was alongside the curb.

"Q. Were you going alongside the curb or away from the curb?

"A. I was in the center of the road.

"Q. And why didn't you keep on going instead of turning into the truck?"

[It was objected that the question called for a conclusion and was speculative, and this objection was sustained.]

"Q. And did you continue right in the center of the road all the way until you struck the truck?

"*A.* Yes, sir.

"*Q.* How do you account for that? The truck was at the curb?·

"*A.* I could not see the truck the way the condition is."

Quite apparently, this line of testimony was entirely argumentative, and it was discretionary with the court to allow it.

The judgment will be affirmed.